[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12200

_____

NATHANIEL A. CARTER,
STELLA C. CARTER,

Petitioners-Appellants,
Cross-Appellees,

*versus*

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee,
Cross-Appellant.

_____

2                    Opinion of the Court                    20-12200

Petitions for Review of a Decision of the
U.S. Tax Court
Agency No. 23621-15

_____

_____

No. 20-12201

_____

RALPH G. EVANS,

Petitioner-Appellant,
Cross-Appellee,

*versus*

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee,
Cross-Appellant.

_____

Petitions for Review of a Decision of the
U.S. Tax Court
Agency No. 23647-15

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

This tax appeal presents two issues. First, whether a conservation easement satisfied the "granted in perpetuity requirement" of 26 U.S.C. § 170(h)(2)(C). And second, whether the IRS violated 26 U.S.C. § 6751(b)'s supervisory approval requirement as to certain penalties. The Tax Court answered the first question in the negative and the second in the positive. Because our precedents provide different answers, we reverse and remand.

## I.    BACKGROUND

Nathaniel Carter and Ralph Evans owned over 5,000 acres in a tract called Dover Hall. Carter and Evans formed a partnership that donated 500 acres of Dover Hall to the North American Land Trust as a conservation easement. The conservation deed memorializing the donation, however, retained various rights for the donors. Evans and Carter's partnership claimed a multimillion-dollar deduction for the easement on its 2011 partnership tax return, and each partner claimed an equal share on their 2011 individual returns. Carter also carried part of his 2011 deduction over to 2012 and 2013.

The IRS audited Carter and Evans and disallowed the charitable deductions. As part of the investigation, a tax examiner mailed each man a letter and revenue agent's report proposing penalties under 26 U.S.C. § 6662. Ten days after mailing the letter, the

examiner sent the case to his immediate supervisor, who approved the penalties in writing. Eventually, the IRS issued Carter and Evans statutory notices of deficiency that described the proposed tax changes and penalties resulting from the audit. Each man timely petitioned for pre-assessment review of his deficiency, and the Tax Court took up the disputes.

The Tax Court held that the petitioners' arguments failed on the merits because their retained rights under the conservation deed rendered the easement in violation of Section 170(h)(2)(C)'s granted in perpetuity requirement. But it also procedurally disallowed the IRS's asserted Section 6662 penalties, holding that the letters and examination reports constituted "initial determination[s] of . . . assessment" under Section 6751(b). Because the IRS had mailed the letters without first obtaining supervisory approval of the covered penalties contained within, the Tax Court held that the government could never assess those penalties. Carter and Evans timely appealed the Tax Court's decision on the merits, and the IRS cross-appealed as to the procedural validity of the penalties.

## II.    STANDARDS OF REVIEW

We review the Tax Court's legal conclusions *de novo* and its factual findings for clear error. *Kardash v. Comm'r.*, 866 F.3d 1249, 1252 (11th Cir. 2017). And although we generally provide respectful consideration to the decisions of the Tax Court on similar issues in the interest of uniform administration, those decisions do not bind us. *See Dobson v. Comm'r.*, 320 U.S. 489, 499, 502 (1943).

### III.   DISCUSSION

#### A.   The Petitioners' Conservation Easement Satisfied the "Granted-In-Perpetuity" Requirement

We first address the conservation easement. The parties agree that this issue is controlled by our recent decision in *Pine Mountain Preserve, LLLP v. Commissioner*, 978 F.3d 1200 (11th Cir. 2020). They also agree that *Pine Mountain* requires us to reverse the Tax Court on this issue. Thus, our only remaining task is to determine what to do next. The petitioners ask us to decide the remaining issues of their challenge to the notice of deficiency, most notably whether the conservation easement also satisfied Section 170(h)(2)(A)'s "protected in perpetuity requirement," despite the Tax Court having yet to opine on those issues in the first instance. The IRS asks us to remand. Because the issues yet to be decided by the Tax Court are materially identical to those that we remanded for statutory "heavy lifting" in *Pine Mountain*, *see* 978 F.3d at 1208 n.4, we agree with the IRS that remand is proper.

#### B.   The IRS Did Not Violate Section 6751(b)

We next address whether the IRS violated Section 6751(b)'s supervisory approval requirement. As an initial matter, we reject the petitioners' assertion that deciding this issue would constitute an advisory opinion. The Tax Court's decision procedurally disallowed assessment of the Section 6662 penalties asserted in the petitioners' notices of deficiency. That disallowance, if affirmed,

would permanently bar the IRS from assessing the penalties regardless of the eventual result of any remaining litigation. *See* 26 U.S.C. § 6215(a). And although the petitioners correctly suggest that the penalties issue could become moot if they eventually prevail on their underlying challenges, the mere prospect that an issue might be mooted at some future time does not place the issue beyond our otherwise proper jurisdiction in the here and now.

As to the legal question, whether the IRS violated Section 6751(b) is resolved by a recent precedent. In *Kroner v. Commissioner*, 20-13902, --- F.4th ---- (11th Cir. 2022), we held that the Tax Court erred in disallowing penalties under Section 6751(b) because it believed the penalties were not timely approved by an IRS supervisor. The facts as to the petitioners' penalties are nearly identical to those we addressed in *Kroner*. Here, as in *Kroner*, the IRS: (1) mailed the petitioners a letter and examination report proposing penalties subject to both pre-assessment Tax Court review and Section 6751(b); (2) obtained supervisory approval of those penalties after mailing the letter and report; and (3) issued the petitioners statutory notices of deficiency later challenged in Tax Court. As in *Kroner*, the Tax Court held that the supervisor had not approved the penalties in time to satisfy Section 6751(b). And, as in *Kroner*, we reverse and remand.

## IV.    CONCLUSION

For the foregoing reasons, the portions of the Tax Court's decision holding that the conservation easement did not satisfy Section 170(h)(2)(C)'s granted-in-perpetuity requirement and that the IRS violated Section 6751(b) are **REVERSED**. The remaining conservation easement issues are **REMANDED** to the Tax Court for proceedings consistent with this opinion and *Pine Mountain*.